UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LISA ANN DEL TORO,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>　　　　Defendant. | Case No.: 1:17-cv-01401-BAM<br><br>**ORDER REVERSING AGENCY'S DENIAL OF BENEFITS AND ORDERING REMAND** |

## **INTRODUCTION**

Plaintiff Lisa Ann Del Toro ("Plaintiff") seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying her application for disability insurance benefits ("DBI") under Title II of the Social Security Act and for supplemental security income ("SSI") under Title XVI of the Social Security Act. The matter is currently before the Court on the parties' briefs, which were submitted, without oral argument, to Magistrate Judge Barbara A. McAuliffe.[1]

Having considered the parties' briefs, along with the entire record in this case, the Court finds that the decision of the Administrative Law Judge ("ALJ") is not supported by substantial evidence in

---

[1] The parties consented to the jurisdiction of a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c)(1). (Doc. Nos. 6, 8.)

1

the record and is not based on proper legal standards. Accordingly, the Court will direct that the Commissioner's determination be REVERSED AND REMANDED for further proceedings.

## FACTS AND PRIOR PROCEEDINGS

Plaintiff filed an application for disability insurance benefits on June 20, 2014, and an application for supplemental security income on October 6, 2014. AR 152-53, 154-61.[2] Plaintiff alleged that she became disabled due to major depression with psychotic features. AR 179. Plaintiff's applications were denied initially and on reconsideration. AR 83-86, 90-94, 96-100. Subsequently, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). ALJ Daniel Heely held a hearing on August 30, 2016, and issued an order denying benefits on September 23, 2016. AR 14-28, 33-52. Plaintiff sought review of the ALJ's decision, which the Appeals Council denied, making the ALJ's decision the Commissioner's final decision. AR 1-4. This appeal followed.

**Relevant Hearing Testimony**

The ALJ held a hearing on August 30, 2016, in Stockton, California. AR 33-52. Plaintiff appeared and was represented by her attorney, Jeff Marlin. Impartial Vocational Expert Mary Jesko also appeared. AR 34.

In response to questioning by the ALJ, Plaintiff testified that she is unemployed and there is no full-time job she can do. If she tried to work full time, she thinks she would relapse and have a nervous breakdown. She does not have any physical problems, but receives counseling for depression and anxiety issues. She also receives medications for her mental health condition, which help a lot. AR 36-37, 40.

When asked about her living situation, Plaintiff testified that she lives with her family. They help her and do all the cooking, cleaning and laundry, but she can handle things at home such as microwaving or putting away laundry and dishes. She has a driver's license and normally drives to the store or to pick up her prescriptions. She tries to limit her driving because of her anxiety. She walks, and does not drive, to her doctor and to counseling. She watches about one hour of TV each day and reads a lot. AR 37-40.

---

[2] References to the Administrative Record will be designated as "AR," followed by the appropriate page number.

In response to questioning by her attorney, Plaintiff testified that a breakdown means she would cry and fall out, be depressed. She has problems with crying at home. These problems sometimes worsen when she must go out and do things. She stays in the house most of the time and does not visit with people, but will leave about once a day to go the park for a walk. She is overweight, which sometimes makes her depression worse. AR 40-43.

Plaintiff further testified that she has problems focusing on her reading, which often happens. She also has problems focusing on what she is doing in the house, like cooking or cleaning. For example, if she starts cooking, she burns the food because she does not turn it off. Her mom and sister usually cook, and her mom does the grocery shopping. AR 43.

Following Plaintiff's testimony, the ALJ elicited testimony from the Vocational Expert ("VE"), Mary Jesko. The VE testified that Plaintiff's work history included retail cashier and in home supportive services as a home attendant. AR 45-48. The ALJ also asked the VE hypothetical questions. For the first hypothetical, the ALJ asked the VE to assume a person of the same age as Plaintiff with a similar educational background and work history. This person would have sufficient concentration ability for even simple routine tasks, could have less than even occasional public contact, would need unscheduled rest breaks and would be off task 15 percent of the workday. The VE testified that there were not any full-time jobs for this hypothetical. AR 48-49.

For the second hypothetical, the ALJ asked the VE to assume a person of the same age, educational background and work history of the Plaintiff with no exertional limitations. This person only could work at jobs involving occasional public contact with simple, routine tasks. The VE testified that the public contact would preclude all past work, as well as the simple, routine. The VE also testified that other medium level, unskilled jobs in the U.S. economy could be done, such as laundry worker, sweeper cleaner, and hardware assembler. The VE explained that off-task work time in hypothetical one was based on her experience, not on the Dictionary of Occupational Titles. AR 49-50.

For the next hypothetical, Plaintiff's counsel asked the VE if the person in hypothetical two would be able to perform any jobs if she was unable to handle simple and/or repetitive tasking 15 or

more percent of the day due to decreased concentration. The VE testified that she would not be able to perform any jobs. AR 50.

///

**Medical Record**

The relevant medical record was reviewed by the Court, and will be referenced below as necessary to this Court's decision.

**The ALJ's Decision**

Using the Social Security Administration's five-step sequential evaluation process, the ALJ determined that Plaintiff was not disabled under the Social Security Act. AR 17-28. Specifically, the ALJ found that Plaintiff had not engaged in any substantial gainful activity since June 5, 2011, her alleged onset date. AR 19. Further, the ALJ identified obesity, affective disorder and anxiety disorder as severe impairments. AR 19-20. Nonetheless, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. AR 20-22. Based on his review of the entire record, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform a full range of work at all exertional levels, but was limited to simple, routine tasks and occasional public contact. AR 22-26. With this RFC, the ALJ found that Plaintiff could not perform any past relevant work, but there were other jobs existing in significant numbers in the national economy that Plaintiff could perform. AR 26-27. The ALJ therefore concluded that Plaintiff was not disabled under the Social Security Act. AR 27-28.

## SCOPE OF REVIEW

Congress has provided a limited scope of judicial review of the Commissioner's decision to deny benefits under the Act. In reviewing findings of fact with respect to such determinations, this Court must determine whether the decision of the Commissioner is supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence means "more than a mere scintilla," *Richardson v. Perales*, 402 U.S. 389, 402 (1971), but less than a preponderance. *Sorenson v. Weinberger*, 514 F.2d 1112, 1119, n. 10 (9th Cir. 1975). It is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401. The record as a whole must be

considered, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion. *Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985). In weighing the evidence and making findings, the Commissioner must apply the proper legal standards. *E.g., Burkhart v. Bowen*, 856 F.2d 1335, 1338 (9th Cir. 1988). This Court must uphold the Commissioner's determination that the claimant is not disabled if the Commissioner applied the proper legal standards, and if the Commissioner's findings are supported by substantial evidence. *See Sanchez v. Sec'y of Health and Human Servs.*, 812 F.2d 509, 510 (9th Cir. 1987).

## **REVIEW**

In order to qualify for benefits, a claimant must establish that he or she is unable to engage in substantial gainful activity due to a medically determinable physical or mental impairment which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § 1382c(a)(3)(A). A claimant must show that he or she has a physical or mental impairment of such severity that he or she is not only unable to do his or her previous work, but cannot, considering his or her age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. *Quang Van Han v. Bowen*, 882 F.2d 1453, 1456 (9th Cir. 1989). The burden is on the claimant to establish disability. *Terry v. Sullivan*, 903 F.2d 1273, 1275 (9th Cir. 1990).

## **DISCUSSION**[3]

Plaintiff contends that the ALJ's decision is not supported by substantial evidence and is not free of legal error. Specifically, Plaintiff asserts that the ALJ erred by finding that Plaintiff retained the mental RFC to perform simple, repetitive tasks with occasional public contact, which was predicated on the ALJ's improper rejection of the opinion of her treating psychiatrist, Dr. Dao Tran. Plaintiff also asserts that the ALJ failed to give clear and convincing reasons for rejecting her testimony.

### I. Plaintiff's Mental RFC

---

[3] The parties are advised that this Court has carefully reviewed and considered all of the briefs, including arguments, points and authorities, declarations, and/or exhibits. Any omission of a reference to any specific argument or brief is not to be construed that the Court did not consider the argument or brief.

5

Plaintiff argues that the ALJ improperly determined that she could perform simple, repetitive tasks with occasional public contact. In so doing, Plaintiff contends that the ALJ failed to provide specific and legitimate reasons for rejecting the opinion of her treating psychiatrist, Dr. Tran. (ECF No. 13 at 11.) For the reasons that follow, the Court finds that the ALJ's limitation of Plaintiff to simple, routine tasks and occasional public contact based upon the rejection of Dr. Tran's opinion was not supported by substantial evidence or free of legal error.

On August 3, 2016, Dr. Tran completed a Medical Source Statement, Psychiatric. Dr. Tran opined that Plaintiff had moderate to marked limitations in the ability to maintain concentration and attention (for simple and/or complex tasking), marked limitations in the ability to withstand the stress and pressures associated with an eight-hour work day and day-to-day work activity, marked limitations in the ability to understand, remember and carry out simple one-or-two job instructions, marked limitations in the ability to understand, remember, and carry out an extensive variety of technical and/or complex job instructions, marked limitations in the ability to deal with the public, marked limitations in the ability to receive and carry out instructions from supervisors, and marked limitations in the ability to relate and interact with co-workers. AR 379. A moderate limitation was described as "causing some work limitation, impacting this patient at least 10 to 15% of the work day" and a marked limitation was described as "considerable impact throughout the day." AR 379. In addition to evaluating Plaintiff's abilities, Dr. Tran reported that Plaintiff likely would miss 12 days per month due to mental issues and assessed Plaintiff's prognosis for the next two years as guarded. (Id.)

In assessing the opinion of Dr. Tran, the ALJ stated as follows:

> The undersigned gives little weight [to the August 3, 2016 opinion], because it is inconsistent with the record as a whole. The finding of marked limitations may be supported by the claimant's mental status examinations when she was hospitalized [ ]. However, her treatment notes indicated that with medication compliance the claimant was calm and pleasant, with normal mood and affect. She was able to engage in conversations, and she had an organized and clear thought process [ ]. Moreover, during a period of increased family stress, she was able to express her anger, and showed that she had coping skills [ ]. Although Dr. Tran is the claimant's treating physician, his opinion is not supported by the record or his own treatment notes.

AR 25.

As indicated above, Plaintiff asserts that the ALJ improperly rejected Dr. Tran's opinion. The Court agrees. Cases in this circuit identify three types of physicians: (1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant (nonexamining physicians). *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). As a general rule, more weight should be given to the opinion of a treating source than to the opinions of doctors who do not treat the claimant. *Id.* Where a treating physician's opinion is not contradicted by another doctor, it may be rejected only for "clear and convincing" reasons. *Id.* If the treating physician's opinion is contradicted by another doctor, the Commissioner must provide "specific and legitimate" reasons supported by substantial evidence in the record to reject this opinion. *Id.*

Here, Dr. Tran's August 2016 opinion arguably was contradicted by the non-examining state agency physician, Dr. Jane Buerger, who opined in January 2015 that Plaintiff was able to sustain the necessary attention, concentration, persistence and pace needed to complete simple and unskilled tasks over the course of a normal workday and workweek, and she was able to adapt and respond appropriately to a simple work setting. AR 66-67. Given that the opinion of the state agency physician contradicted Dr. Tran's opinion, the ALJ therefore was required to provide specific and legitimate reasons supported by substantial evidence in the record to discount Dr. Tran's opinion. The Court finds that the ALJ failed to provide specific and legitimate reasons for discounting Dr. Tran's opinion.

First, ALJ improperly determined that Dr. Tran's opinion was not consistent with the record, citing evidence of Plaintiff's mood and affect when compliant with medications. AR 25. The ALJ's characterization of Dr. Tran's opinion as inconsistent with the record is based upon an incomplete consideration of the record evidence, focusing only on isolated periods of stability. As the Ninth Circuit has explained, symptoms of mental impairments "wax and wane in the course of treatment." *Garrison v. Colvin*, 759 F.3d 995, 1017 (9th Cir. 2014). "Cycles of improvement and debilitating symptoms are a common occurrence, and in such circumstances it is error for an ALJ to pick out a few isolated instances of improvement over a period of months or years and to treat them as a basis for concluding a claimant is capable of working." *Id.* (citing *Holohan v. Massanari*, 246 F.3d 1195, 1205

7

(9th Cir. 2001) ("[The treating physician's] statements must be read in context of the overall diagnostic picture he draws. That a person who suffers from severe panic attacks, anxiety, and depression makes some improvement does not mean that the person's impairments no longer seriously affect [his] ability to function in a workplace.")). In this case, the record evidence, which also was cited by the ALJ, identifies multiple hospitalizations due to Plaintiff's psychiatric symptoms, and repeated episodes of non-compliance and relapses. For instance, in August 2013, Plaintiff was hospitalized for 12 days for depression with suicidal ideation, also on a 5150 hold. She was diagnosed with major depressive disorder, recurrent, severe with possible psychotic features. AR 23, 267-68, 271-74. In February 2014, Plaintiff was hospitalized for 11 days on a 5150 hold for "grave disability." AR 23-24, 254, 261, 264-66. She again was diagnosed with "major depressive disorder, recurrent with psychotic features." AR 261. Plaintiff subsequently was hospitalized in March 2014 on a 5150 as a danger to self, danger to others, and gravely disabled. AR 24, 293. In April 2014, it was noted that for two of Plaintiff's psychiatric admissions it took almost one month for Plaintiff to stabilize. AR 348. In May 2014, it was noted that Plaintiff's major depressive disorder with psychotic features was "improving," and "resolving" in June 2014. AR 289, 290. However, in April 2015, even with medication, Plaintiff's condition began "relapsing." AR 368. She was hearing voices and feeling paranoid. Her mood was depressed and her affect anxious. *Id*. Although her medication was increased, she had not returned to her "baseline" by June 2015, and her condition did not stabilize until September 2015. AR 364-65, 368. In February 2016, also while on medication, Plaintiff was noted to have a "relapsing pattern of feeling scared, emotional, tearful, then gradually becoming psychotic." AR 361. In May 2016, Dr. Tran indicated that Plaintiff's condition was stabilized on meds, but there was a "risk of relapse." AR 359. In light of this record evidence, the Court finds that the ALJ's decision to focus only on isolated periods of stability was error and unsupported by the record.[4]

---

[4] The Court notes that the ALJ relied on the opinion of the non-examining state agency physician rendered in January 2015, during an apparent period of stabilization and while compliant with medication. AR 25, 66-67. In doing so, however, the ALJ did not account for Plaintiff's period of stabilization was not sustained, and she began to relapse only a few months later in April 2015. AR 368. Plaintiff's condition did not stabilize again until September 2015, and even then, her treating physician repeatedly noted Plaintiff's ongoing potential for relapse. AR 359, 361.

8

Second, the fact that Plaintiff's medications provide some relief for her mental health symptoms is not inconsistent with Dr. Tran's opinion that Plaintiff has continuing limitations nor does it suggest that she has the ability to work in a competitive environment. *See*, *e.g.*, *Antone D. v. Nancy A. Berryhill, Deputy Comm'r of Soc. Sec. for Operations*, No. 3:18-CV-05520-DWC, 2019 WL 290596, at *5 (W.D. Wash. Jan. 23, 2019) ("Obtaining relief from [psychotropic] medication does not necessarily suggest Plaintiff has the ability to work in a competitive environment.").

Lastly, the ALJ improperly rejected Dr. Tran's opinion as inconsistent with Dr. Tran's own treatment records. AR 25. In general, the fact that a physician's opinion is not supported by his or her treatment notes may constitute a specific and legitimate reason for rejecting it. *See Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008). Here, however, the ALJ's characterization that Dr. Tran's treatment notes were inconsistent with his opinion is based upon an inadequate discussion of those treatment records.

As discussed above, the ALJ's conclusion that Plaintiff could work because the record showed that when Plaintiff was "compliant with medication, she was calm and pleasant, with normal mood and affect . . . able to engage in conversations, and she had an organized and clear thought process" is based upon isolated favorable portions of the record. *See Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1200-1201 (9th Cir. 2008) ("Nor are the references in [a doctor's] notes that Ryan's anxiety and depression were 'improving' sufficient to undermine the repeated diagnosis of those conditions, or [another doctor's] more detailed report."); *Hutsell v. Massanari*, 259 F.3d 707, 712 (8th Cir. 2001) ("We also believe that the Commissioner erroneously relied too heavily on indications in the medical record that Hutsell was 'doing well,' because doing well for the purposes of a treatment program has no necessary relation to a claimant's ability to work or to her work-related functional capacity."). Further, while medication helps to control Plaintiff's condition, there is nothing in Dr. Tran's notes indicating that medication cured her condition or otherwise alleviated the possibility that she would relapse. Moreover, by themselves, notations indicating that a claimant is doing well or is stable do not contradict a treating physician's opinion of a claimant's functional limitations. *See Moriel v. Berryhill*, No. SA CV 17-2215-PLA, 2018 WL 6435325, at *9 (C.D. Cal. Dec. 7, 2018); *Perez v.*

*Astrue*, No 1L08cv0463 BAK, 2009 WL 3011647, at *13 (E.D. Cal. Sept. 17, 2009) (noting that "fairly stable" and "doing well" are relative terms).

Accordingly, the Court finds that the ALJ failed to provide legally sufficient reasons for rejecting Dr. Tran's opinion. Because crediting some or all of that opinion would have required inclusion of additional limitations in the residual functional capacity and the determination that Plaintiff was able to perform work in the national economy, *see Ghanim v. Colvin*, 763 F.3d 1154, 1166 (9th Cir. 2014), the Court cannot conclude that the ALJ's error was harmless.

### 2. Remand is Required

The Court has considered Plaintiff's request to award benefits rather than remand the case for additional proceedings, but finds remand more appropriate. The circumstances of this case indicate that there are outstanding issues regarding the medical evidence that must be resolved before a final determination can be made. Further administrative review may remedy the ALJ's errors and thus remand is appropriate. *Ghanim*, 763 F.3d at 1166 (finding remand to Commissioner for further proceedings appropriate where ALJ's reasons for discounting the opinions of claimant's treating providers and discrediting claimant's testimony were not supported by substantial evidence); *McLeod v. Astrue*, 640 F.3d 881, 888 (9th Cir. 2011).

Additionally, because the Court remands this case for renewed consideration of the medical evidence, the Court dispenses with an exhaustive analysis of the ALJ's credibility determination. In light of the Court's finding that the ALJ failed to properly evaluate the opinion of Dr. Tran, and because credibility determinations are inescapably linked to conclusions regarding medical evidence, 20 C.F.R. § 404.1529, the ALJ's credibility finding is also reversed and the issue remanded. The Court need not consider Plaintiff's arguments regarding credibility given the need for reversal on other grounds. *See Marcia v. Sullivan*, 900 F.2d 172, 177 n. 6 (9th Cir. 1990) ("Because we remand for reconsideration of step three, we do not reach the other arguments raised."); *Pendley v. Heckler*, 767 F.2d 1561, 1563 (11th Cir. 1985) (per curiam) ("Because the 'misuse of the expert's testimony alone warrants reversal,' we do not consider the appellant's other claims.").

### CONCLUSION

Based on the foregoing, the Court finds that the ALJ's disability determination warrants remand. Accordingly, the decision is REVERSED and the case REMANDED to the ALJ for further proceedings. On remand, the ALJ will reweigh the medical evidence and address the deficiencies identified by the Court. Additionally, although not addressed in this Order, on remand the Commissioner shall reevaluate Plaintiff's subjective symptom testimony in light of reweighing the medical evidence. If necessary, the Commissioner may hold further hearings and receive additional evidence.

Accordingly, the Clerk of the Court is DIRECTED to enter judgment in favor of Plaintiff Lisa Ann Del Toro and against Defendant Nancy A. Berryhill, Acting Commissioner of Social Security.

IT IS SO ORDERED.

Dated: **February 8, 2019**  /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE